**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically at the time and date indicated, which may be materially different from its entry on the record.**



**Dated: 09:30 AM February 2, 2017**

Russ Kendig
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 13 |
| | ) | |
| CINDY LOU MARKLEY, | ) | CASE NO. 12-60128 |
| | ) | |
| Debtor. | ) | ADV. NO. 16-6034 |
| _____ | ) | |
| CINDY LOU MARKLEY, | ) | JUDGE RUSS KENDIG |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| DEPARTMENT OF TREASURY, | ) | **(NOT FOR PUBLICATION)** |
| INTERNAL REVENUE SERVICE, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

The defendant moved for judgment on the pleadings under Federal Civil Rule 12(c), incorporated into bankruptcy practice through Federal Bankruptcy Rule 7012. Alternatively, Defendant seeks summary judgment under Federal Bankruptcy Rule 7056, which adopts Federal Civil Rule 56 into bankruptcy practice. Plaintiff filed a response to the motion to dismiss, agreeing in part with dismissal.

1

The court has subject matter jurisdiction of the underlying bankruptcy case pursuant to 28 U.S.C. § 1334 and the general order of reference entered by the United States District Court for the Northern District of Ohio on April 4, 2012. This is a statutorily core proceeding under 28 U.S.C. § 157(b) and the court has authority to issue final entries. Venue in this district is appropriate under 11 U.S.C. § 1409. The following constitutes the court's findings of fact and conclusions of law under Federal Bankruptcy Rule 7052.

This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the court.

## BACKGROUND

Debtor filed a chapter 13 bankruptcy case on January 20, 2012. She owed income tax liabilities to the Internal Revenue Service ("Defendant" or "IRS") and listed Defendant as a creditor on Schedule E in the amount of $33,258.70. The IRS address listed in the petition and included on the matrix was Internal Revenue Service, 433 North Summit St., Toledo, Ohio 43604-2638. This address is not a designated address for service under Federal Bankruptcy Rule 5003(e).

The court confirmed Debtor's plan on April 12, 2012. The plan provided for payment in full of a priority IRS tax claim in the amount of $33,258.70.

The bar date for Defendant to file a proof of claim was July 18, 2012. Defendant did not have notice of the bankruptcy case by this date and did not file a proof of claim in 2012.

On November 17, 2014, Debtor called an IRS office concerning her bankruptcy case. This is the date the IRS claims it obtained notice of Debtor's case. On December 12, 2014, it filed an unsecured proof of claim (#14-1) for $31,477.86 for income taxes from 2005, 2006 and 2007. Debtor objected to the claim on February 4, 2015, arguing it was untimely. The IRS responded, citing lack of notice of the bankruptcy case based on improper service. Before the court ruled, the IRS moved to withdraw the claim and the court granted this request on April 10, 2015. The chapter 13 trustee ("Trustee") did not make any disbursements to the IRS.

On or about January 26, 2016, Debtor completed payments under the plan. Debtor's case was closed without discharge on March 17, 2016 because she failed to fulfill the end-of-case requirements. Under 11 U.S.C. § 362(c)(2), the automatic stay terminated with case closing. On March 21, 2016, Debtor moved to reopen her case. She did not request reinstatement of the stay. On April 18, 2016, the IRS issued a Notice of Intent to Levy based on income taxes owed from 2005, 2006 and 2007. The court granted case reopening on April 19, 2016. The IRS issued a tax lien notice on May 5, 2016 and recorded a tax lien on May 6, 2016 for those taxes. Debtor filed the required end-of-case documents and obtained a discharge on May 10, 2016. The case again closed on May 16, 2016.

IRS later released its lien on the mistaken belief the taxes were discharged, only to later revoke the release, in a filing recorded on August 22, 2016, upon concluding the taxes were not

discharged. The IRS maintains that as a result of the improper service, it did not have proper notice of Debtor's bankruptcy case in order to file a timely proof of claim and therefore Debtor's tax liability was not discharged under 11 U.S.C. § 523(a)(3)(A).

Debtor's case was reopened a second time on July 15, 2016. She filed the instant adversary action on October 20, 2016. The complaint contains two counts, one for a violation of the automatic stay and one for a violation of the discharge injunction. She seeks an order of civil contempt for the violations; a cease and desist order for continued contact related to the accounts subject to her bankruptcy case; release of tax liens against her property; compensatory and punitive damages, plus attorney fees and costs; and such other relief as appropriate.

## DISCUSSION

In reviewing a motion for judgment on the pleadings, the court must 'constru[e] the complaint in the light most favorable to the plaintiff, accept[] all of the complaint's factual allegations as true, and determin[e] whether the plaintiff undoubtedly can prove no set of facts in support of his claim that would entitle him to relief.' Kimberlin v. Dollar Gen. Corp., 520 Fed.App'x 312, 313 (6th Cir. 2013) (unpublished) (quoting Ziegler v. IBP Hog Mkt., Inc., 249 F.3d 509, 511-12 (6th Cir. 2001)). The court "may consider the complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the complaint and are central to the claims contained therein." Taylor v. Javitch, Block & Rathbone, LLC, 2012 WL 2375494 (N.D. Ohio 2012) (unpublished) (citing Amini v. Oberlin Coll., 259 F.3d 493, 502 (6th Cir. 2001)). The motion should be granted when there are no material fact question and the movant is entitled to judgment as a matter of law. JPMorgan Chase Bank, N.A. v. Winget, 510 F.3d 577, 582 (6th Cir. 2007).

Plaintiff simplified the court's review in her response to Defendant's 12(c) motion when she "concurs with Defendant's motion with regards to her violation of the automatic stay and hereby withdraws our [sic] claim for damages regarding said matter." (Pl.'s Resp. to Def.'s M. for J. on the Pleadings ¶ 1, ECF #12) The court will grant Defendant judgment on the pleadings and dismiss count one.

Plaintiff also partially agrees with Defendant's position on count two, stating "Plaintiff agrees with Defendant's motion as to 26 U.S.C. § 7433(e) being the exclusive remedy for damages and hereby withdraws any request from their [sic] motion for violation of the Discharge Injunction under 11 U.S.C. § 524 for compensatory or punitive damages and attorney fees." (Id. at ¶ 2) The balance of Plaintiff's response indicates that she remains entitled to other relief on her count for willful violation of the discharge injunction, including release of the federal tax lien against her property and cessation of continued collection activity by Defendant. Through her response, she has withdrawn her request for certain relief but has not withdrawn the underlying claim for violation the discharge injunction in 11 U.S.C. § 524(a)(2).

While there is no private cause of action for a violation of the discharge injunction, the Sixth Circuit recognized when § 524 was enacted, Congress was aware that courts were enforcing

the discharge injunction via contempt proceedings. Pertuso v. Ford Motor Credit Co., 233 F.3d 417 (6th Cir. 2000). Plaintiff requests a finding of civil contempt for willful violations of the discharge injunction. (Compl., p. 4, Count II(a), ECF No. 1) This requires proof that Defendant violated a 'definite and specific order of the court requiring [it] to perform or refrain from performing a particular act or acts with knowledge of the court's order.' In re Jackson, 554 B.R. 156 (B.A.P. 6th Cir. 2016) (citation omitted). Knowingly violating the discharge order is an act of contempt. Id. (citation omitted).

The looming question is whether the taxes at issue were discharged. If they were not, Plaintiff has no grounds for relief. Defendant points out that Plaintiff did not specifically allege that the tax debts owed the IRS for 2005, 2006 and 2007 were discharged. This argument is holllow. Looking at the factual allegations, Plaintiff alleges the debt was listed in the petition, the IRS filed a late proof of claim and later withdrew that claim, she received a discharge in her chapter 13 case, and the IRS is violated the discharge with its collection activity, including the filing of a tax lien. Looking at the complaint in the light most favorable to Plaintiff, Plaintiff's factual position that the debts were discharged is clear but whether the taxes were actually discharged is a question of law.

Relying on 11 U.S.C. § 523(a)(3)(A), Defendant extensively argues the claims were not discharged because it did not have notice of the bankruptcy case in time to punctually file a proof of claim. Plaintiff never counters this position. The law supports Defendant.

A chapter 13 discharge does not discharge a debtor from debts "of the kind specified in section 507(a)(8)(C) or in paragraph (1)(B), (1)(C), (2), (3), (4), (5), (8), or (9) of section 523(a)." 11 U.S.C. § 1328(a)(2). Under § 523(a)(3)(A), debts that are

> neither listed nor scheduled under section 521(a)(1) of this title, with the name, if known to the debtor, of the creditor to whom such debt is owed, in time to permit—
> (A) if such debt is not of a kind specified in paragraph (2), (4), or (6) of this subsection, timely filing of a proof of claim, unless such creditor had notice or actual knowledge of the case in time for such timely filing.

Debtor listed the IRS tax liability in her schedules at 433 North Summit St., Toledo, Ohio 43604-2638. This is not the IRS designated mailing address under Rule 5003(e).[1] Per the IRS affidavit attached to its motion for judgment on the pleadings, it obtained actual knowledge of Debtor's case on November 17, 2014 when it received a telephone call from Debtor. The court therefore cannot conclude that Debtor listed the debt in a manner that gave the IRS time to file a proof of claim before the bar date of July 18, 2012. As a result, the taxes were not discharged.

---

[1] The designated address for the IRS is P.O. Box 7346, Philadelphia, Pennsylvania 19101-7346. Information copies may also be sent to Internal Revenue Service, Insolvency Group 6, 1240 East Ninth Street, Room 493, Cleveland, Ohio 44199. https://www.ohnb.uscourts.gov/federal-and-state-agencies-and-certain-taxing-authorities (January 6, 2017).

While not addressed by the parties, the court notes that Debtor scheduled the taxes as priority debts and provided for priority treatment in her plan.  The IRS claim that was filed and withdrawn in the case identified the debts as unsecured.  The court has treated the claim as unsecured but finds that, if the debts were priority debts, they would also fall under the discharge exception of 11 U.S.C. § 523(a)(3)(A).

An order granting Defendant's motion for judgment on the pleadings or, alternatively, summary judgment and dismissing Plaintiff's complaint will be entered immediately.

#    #    #

**Service List:**

Kevin A. Mack
Law Office of Kevin A Mack
PO Box 567
216 S Washington Street
Tiffin, OH 44883

Cindy Lou Markley
931 N Sanduskey Avenue
Bucyrus, OH 44820

Lauren Hume
Department of Justice
PO Box 55, Ben Franklin Station
Washington, DC 20044